# UNITED STATES CIRCUIT COURT.

WILLIAM NELSON and others agt. JOHN O. WOODRUFF.

JOHN O. WOODRUFF agt. WILLIAM NELSON and others.

The effect on a cargo of *lard*, shipped in very hot weather, is the melting of the lard, and when melted to shrink the staves and loosen the hoops of the casks and barrels containing it. In such case, the *shipper* takes the risk, and, unless one neglect or fault can be charged upon the vessel contributing to the loss, he is liable.

*New-York, October,* 1859.

NELSON, C. J. The libel was filed in the first case by the libelant to recover freight upon a shipment of 1099 barrels and 61 tierces of lard, in the ship "Maid of Orleans," from New-Orleans to this port, in July and August, 1854. It was filed in the second case by the consignee against the respondent, to recover damages for a loss of part of the lard in the course of the shipment. Both cases depend upon the same evidence, and were heard together in the court below, and in this court. It is not denied but that a very heavy loss of the lard occurred on board of the vessel during the voyage, which was discovered upon discharging the cargo at this port, a loss of about six thousand pounds, worth some $600. The bills of lading are in the usual form, shipped in good order, &c., damages of sea, &c., except to each is added at the foot, "contents unknown." The weather was excessively hot in New-Orleans in the month of July, 1854, when the lard was put on board

and delivered by the shipper on the levee, which was done morning and evening to avoid the heat of the day. The delivery, however, was continued in the morning until 10 o'clock and renewed between 3 and 4 P. M. And, according to the weight of the testimony, the lard was taken on board the vessel with all reasonable dispatch. When taken on board it was in a liquid state, and a few barrels leaked so badly at the levee, that the hoops had to be tightened, and some of the barrels were found to be partially empty.

The great deficiency in the quantity that occurred in the shipment is attributable to the leakage of the casks, which the libelant insists is chargeable alone to the condition and character of the article, and to the excessive hot weather at the time of the shipment or during the voyage. The proofs in the case, taken at New-Orleans and at this port, are very full and satisfactory that the lard was properly and skilfully stored, both in respect to the place in the hold of the vessel, and the manner of the storage. And it is further shown, that all due and proper care was taken in the course of the shipment, and I perceive nothing in the evidence, when critically examined and weighed, in the appearance or condition of the packages when discharged at this port, going to impair the proof of the libelant, on this head. The barrels and tierces appear to have been well made and with proper material, and to have withstood the shipment without any substantial injury, with the exception that the seams were opened, and hence the leakage. But this is accounted for by nearly all the witnesses experienced in the shipment of the article, as resulting from the effect of the hot weather, in connection with the tendency of the melted lard to shrink the staves and loosen the hoops. The proof is, that the months of July and August were hot beyond those of preceding years; and that, on opening the hatches of the vessel at this port, the heat in the hold was so excessive that no person could remain in it.

It is well settled that the shipper takes a risk attendant upon a shipment of cargo of this character from the heat of the weather, unless one neglect or fault can be charged upon the

vessel contributing to the loss (12 *How.* 272), and I must say, after a very careful examination of the evidence, in my judg-ment·no such negligence or fault has been established.

The decree of the court below must be affirmed.